# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| OSBOURNE RENFROW, | 2:12-cv-00632-MMD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, *et al.,* | **(Second Motion to Compel (#51), Second Motion for Sanctions (#52), and First Motion to Strike Defendant's Rebuttal Expert (#54))** |
| Defendants. | |

Before the court is plaintiff Osbourne Renfrow's Second Motion to Compel (#51), Second Motion for Sanctions (#52), and First Motion to Strike Defendant's Rebuttal Expert (#54). No Oppositions were filed.

**Background**

Plaintiff filed his complaint in the Eighth Judicial District Court, Clark County Nevada, on March 5, 2012, alleging claims against defendants Redwood Fire and Casualty Insurance Company and Berkshire Hathaway Homestate Companies arising from an automobile accident wherein plaintiff suffered injuries causing him "loss of earning capacity, loss wages, physical impairment, mental anguish, and loss of enjoyment of life..." (#1). Plaintiff alleges that the negligent third-party's insurance carrier paid the insurance policy limits and that after realizing that the insurance policy limit was insufficient, plaintiff demanded underinsured policy limits from the defendants. *Id.* Plaintiff states that defendants failed to make fair payment as required under the policy and that this refusal was unreasonable and made in bad faith. *Id.*

On April 17, 2012, defendants removed the action to this court based on diversity of citizenship under 28 U.S.C. § 1332. (#1). Defendants filed their answer on May 4, 2012 (#6), and the court entered the parties' discovery plan and scheduling order (#9) on June 14, 2012 (#11). On June 22, 2012, the parties filed a stipulation and order to amend the complaint to name defendant Berkshire Hathaway Homestate Company in place of defendant Berkshire Hathaway Homestate Companies. (#13). The court signed the stipulation (#14) and the amended complaint was filed (#15). On August 13, 2012, the parties filed a stipulation to extend discovery deadlines (#20), and on August 14, 2012, the court signed the same (#22).

On October 24, 2012, the parties filed another stipulation to extend discovery deadlines (#26), which the court signed on October 25, 2012 (#28). The discovery plan set a discovery cut-off date of February 28, 2013, expert deadline of December 31, 2012, rebuttal expert deadline of January 30, 2013, dispositive motions deadline of April 1, 2013, and a Joint Pretrial Order deadline of May 1, 2013. (#28). Plaintiff filed an *emergency* motion to compel production of claims file and other documents, request for additional time, and request for sanctions on December 21, 2012. (#30). Defendants filed an opposition (#32) and a motion to bifurcate, or in the alternative stay discovery of the extra-contractual claims (#33) on December 27, 2012. A notice of change of attorney on behalf of the defendants was filed on January 2, 2013. (#37). The court entered a minute order on January 3, 2013, setting a hearing on the motion to compel (#30). Plaintiff filed his opposition to the motion to bifurcate on January 13, 2013 (#43), and defendants filed their reply on January 23, 2013 (#44).

The court held a hearing on January 30, 2013 on the motion to compel (#30) and the motion to bifurcate (#33). (#45). The court issued an order on February 1, 2013, granting in part and denying in part the motion to compel (#30), providing a deadline of March 15, 2013, for plaintiff to disclose his bad faith expert, ordering the parties to meet and confer regarding a rebuttal expert disclosure deadline, and denying the motion to bifurcate (#33). (#46). The parties filed a stipulation for extension of time

regarding discovery on February 27, 2013. (#47). The court entered the stipulated amended scheduling order (#47) on February 28, 2013. (#48). On March 15, 2013, plaintiff filed his first supplement to initial expert disclosures. (#49).[1] On March 29, 2013, the parties filed a joint interim status report. (#50).

On April 29, 2013, plaintiff filed his second motion to compel (#51) and second motion for sanctions (#52). Oppositions were due by May 16, 2013. On May 3, 2013, plaintiff filed his first motion to strike defendants' rebuttal expert. (#54). Oppositions were due by May 20, 2013. As of the date of the entry of this order, no oppositions were filed.

    A.    **Second Motion To Compel and Motion for Sanctions**[2]

        1.    **Relevant Facts**

Plaintiff alleges that defendants are "[y]et again," refusing to cooperate in the discovery process in this matter, and that defendant[s] ha[ve] ignored plaintiff's efforts to resolve this issue without the court's intervention. (#51). The time-line of events is as follows:

**September 19, 2012:** Plaintiff served defendants with his first set of requests for production of documents;

**November 15, 2012:** Plaintiff received defendants' responses (#30 Exhibit 2), that were allegedly "incomplete and evasive" (#51);

**December 21, 2012:** Plaintiff filed his first motion to compel (#30);

**January 30, 2013:** The court held a hearing on the motion to compel (#30) (#45);

**February 1, 2013:** The court issued an order stating that "[d]efendants must produce all responsive documents to Request Nos. 1, 2, 3, 4, and 8 by February 13, 2013, and file under SEAL

---

[1] Pursuant to Local Rule 26-8, "[u]nless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court." Plaintiff's first supplement to initial expert disclosures (#49) was improperly filed with the court, and is stricken.

[2] Plaintiff filed one document seeking to compel production of documents and to impose sanctions. The clerk separated the document into two separate motions. (#51 and #52).

responsive documents to Request Nos. 5 and 6 in conjunction with the filing of the Joint Pretrial Order." (#46);

Defendants provided plaintiff with additional documentation, but plaintiff alleges that the documentation was "insufficient yet agin." (#51). Plaintiff alleges that (1) the claims file documentation was "littered with redactions," (2) that the defendants are withholding "all claims information that was created after the complaint was filed," (3) that defendants provided "underwriting file documentation, however many of the documents were not just redacted, but withheld all together," and (4) while the privilege log provided indicated that many documents "will be produced," plaintiff has yet to receive such documents. *Id.*

**February 26, 2013:** Plaintiff's counsel sent a letter to defense counsel requesting the withheld information by March 4, 2013. *Id* (Exhibit 6);

**March 13, 2013:** Plaintiff's counsel, having not heard from defense counsel, sent defense counsel a letter inquiring as to whether he had received the letter. *Id* (Exhibit 7);

**March 15, 2013:** Defendants provided certification of No Records in their 4th supplemental responses to plaintiff's request for production of documents, but "still ha[ve] not acknowledged plaintiff's communications regarding the withheld documentation." *Id* (Exhibit 8).

    **2.**    **Arguments**

Plaintiff asserts that "[n]ow, at the eve of close of discovery and plaintiff's last chance to depose [d]efendants['] experts and persons most knowledgeable, [p]aintiff still does not have all pertinent information from [d]efendant[s] despite making diligent efforts to obtain such information." (#51). Plaintiff asks this court to order defendants to "provide [p]laintiff with the withheld information exclusive of legitimate attorney-client privileged information for which a valid privilege log must be provided," and, "due to [d]efendants['] continued egregious behavior, [p]laintiff respectfully requests

that [d]efendant[s] be sanctioned in the form of attorney's fees and costs and any other sanctions the Court deems just and proper." *Id.*

Defendants' oppositions to the motion to compel (#51) and the motion for sanctions (#52) were due on or before May 16, 2013. No oppositions were filed. As the failure of an opposing party to file points and authorities in response to any motion constitutes the consent to the granting of a motion, and the court previously ordered defendants to produce the documents at issue (#46), the court finds that granting plaintiff's motion to compel (#51) is warranted. *See* Local Rule 7-2(d). With regard to the request for sanctions (#52), on or before June 12, 2013, plaintiff must submit to the court an affidavit of the fees and costs associated with attempting to acquire the withheld documents and the filing of this motion (#51). On or before June 19, 2013, the defendants must file a response showing cause why sanctions should not be imposed for the failure to comply with this court's order (#46). Any reply to defendants' response is due by June 26, 2013. A show cause hearing is scheduled for July 24, 2013, at 10:00 a.m.

  **B.**  **Motion to Strike**

    **1.**  **Arguments**

Plaintiff asserts that when defendants' "two hand-selected experts both rendered opinions that supported [p]laintiff's...claim, [d]efendant[s] started shopping-shopping for another expert," and that [d]efendant[s] eventually found an expert that was evidently willing to contradict the opinions of [d]efendants['] very own [experts]; two medical professional experts who had actually examined Mr. Renfrow." (#54). Plaintiff states the defendants disclosed this expert, Michael R. Klein Jr., M.D., F.A.C.S., as a rebuttal expert to its own experts, and that the court should strike the rebuttal expert as improper, as defendant cannot disclose a rebuttal expert to rebut its *own* experts' reports. *Id.* The plaintiff asks this court to strike the rebuttal expert and to preclude him from testifying at trial in this matter. *Id.*  **2.**  **Relevant Law/Discussion**

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of experts. In relevant part, it provides: "(A) a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705," and "(D) A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial; or (ii) if the evidence is intended solely to *contradict or rebut evidence on the same subject matter identified by another party* under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(A) and (D)(emphasis added). Plaintiff argues that defendants' rebuttal expert Dr. Klein's report improperly rebuts *defendants' own* experts' initial reports and *not* plaintiff's expert's reports. (#54). As defendants did not file an opposition disputing this assertion, the court finds that granting the motion to strike (#54) is warranted. *See* LR 7-2(d). If plaintiff believes that precluding Dr. Klein's testimony at trial is appropriate, he may file a motion *in limine* to the District Judge.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Osbourne Renfrow's Second Motion to Compel (#51) is GRANTED. On or before June 12, 2013, defendant must produce to plaintiff *all* withheld information exclusive of attorney-client privileged information for which a valid privilege log must be provided. Failure to do so may result in the imposition of sanctions.

IT IS FURTHER ORDERED that, on or before June 12, 2013, plaintiff must submit to the court an affidavit of the fees and costs associated with attempting to acquire the withheld documents and the filing of the second motion to compel (#51). On or before June 19, 2013, the defendants must file a response showing cause why sanctions should not be imposed for the failure to comply with this court's order (#46). Any reply to defendants' response is due by June 26, 2013.

IT IS FURTHER ORDERED that a show cause hearing is scheduled for July 24, 2013, at 10:00 a.m.

IT IS FURTHER ORDERED that plaintiff's First Motion to Strike Defendant's Rebuttal Expert (#54) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that Dr. Klein's Rebuttal Expert Report is hereby STRICKEN.

IT IS FURTHER ORDERED that plaintiff's first supplement to initial expert disclosures (#49) was improperly filed with the court, and is hereby STRICKEN.

DATED this 29th day of May, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE